**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 27 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROBERT COLBURN, Jr.,

        Plaintiff-Appellant,

  v.

NANCY A. BERRYHILL, Acting
Commissioner of the Social Security
Administration,

        Defendant-Appellee.

No. 16-15532

D.C. No. 3:15-cv-00586-JST

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Submitted July 25, 2017[**]

Before: CLIFTON, N.R. SMITH, and CHRISTEN, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Robert Colburn appeals *pro se* the district court's decision affirming the denial of his application for supplemental security income under Title XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      The ALJ did not err by concluding that nurse practitioner Esker Ligon was not an acceptable medical source. Under the operative social security regulations governing this appeal, nurse practitioners do not qualify as acceptable medical sources. 20 C.F.R. § 416.913(d)(1) (effective until Mar. 27, 2017).[1] Further, assuming without deciding that *Gomez v. Chater*, 74 F.3d 967 (9th Cir. 1996), remains good law following the repeal of 20 C.F.R. § 416.913(a)(6) in 2000, the administrative record does not establish that NP Ligon worked closely enough with supervising psychiatrist Dr. Donald Tarver in order to trigger the interdisciplinary team exception in *Gomez*. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2010) (declining to address whether *Gomez* remains good law but affirming the ALJ's decision not to consider the opinion of a physician's assistant as an acceptable medical source when "the record [did] not show that she worked under a physician's close supervision"); *see also Gomez*, 74 F.3d at 971 (applying interdisciplinary team exception when the record established that the "[nurse

---

[1] 20 C.F.R. § 416.913 was amended effective March 27, 2017. Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017).

practitioner] consulted with [her supervising physician] regarding [the claimant's] treatment numerous times over the course of her relationship with the [claimant]").

2.      Colburn's remaining arguments on appeal are waived. Colburn did not raise these arguments below, and Colburn's reason for failing to raise these arguments below -- failure to timely review the administrative record -- does not by itself satisfy the Ninth Circuit's exceptions to the general rules regarding waiver. *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006).

**AFFIRMED.**